■ In the Matter of FAIR LAWN DAIRIES, INC., Petitioner, v J. ROGER BARBER, as Commissioner of Agriculture and Markets of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets which denied petitioner's application for an extension of its milk dealer's license to sell milk at wholesale in Putnam County upon the grounds that such an extension would tend to a destructive competition in an area already adequately served and would not be in the public interest. Petitioner is a New Jersey corporation which has a New York milk dealer's license authorizing the sale of milk at wholesale in Rockland, Orange, Westchester and Broome Counties. In March of 1977, petitioner filed an application with the State Department of Agriculture and Markets for extension of its milk dealer's license, requesting authorization to sell and distribute milk at wholesale to two A & P stores located in Putnam County. Following a hearing held pursuant to section 258-c of the Agriculture and Markets Law, the respondent denied petitioner's application upon the grounds that such an extension "would tend to a destructive competition in a market already adequately served and would not be in the public interest" (see Agriculture and Markets Law, § 258-c). Seeking review of that determination, petitioner commenced this CPLR article 78 proceeding which was transferred to this court by Special Term. We do not agree with petitioner's contention that the respondent's determination is not supported by a preponderance of the evidence. Petitioner offered no evidence at the hearing. Two competitors testified, along with a research analyst for the department, and their testimony indicated a recent decline in the milk distribution business in Putnam County. In fact, the evidence introduced at the hearing was remarkably similar to that found in the case of *Matter of Tuscan Dairy Farms v Barber* (45 NY2d 215, 222, app dsmd 439 US 1040), wherein the Court of Appeals stated that "The direct evidence, together with the inferences reasonably to be drawn therefrom, supports the conclusion that introduction * * * of a new distributor of milk to supermarkets only—with adverse effect on distributors presently serving small retailers and themselves engaged in retail sales—would tend to a competition for milk sales which would be destructive by reason of the potential disturbance of the balanced distribution structure". Petitioner also argues that the application of section 258-c in this case violates the commerce clause of the Federal Constitution (US Const, art I, § 8, subd 3). However, where, as was done here, the denial of a milk license is for the protection of the welfare of the customers and not for the benefit of the dealers and distributors presently serving the market, the application of section 258-c is constitutional (*Matter of Tuscan Dairy Farms v Barber, supra,* p 228). Accordingly, the respondent's determination must be upheld. Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.